UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                :     INDICTMENT

      - v. -                                 :     17 Cr.

JOHN EDWARD TAYLOR,                      :     **1 7 CRIM 0 0 1** .
   a/k/a "Jay Taylor,"                  :
   a/k/a "Josie Reeser,"                :

      Defendant.                         :

- - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _____

## COUNT ONE

### (Wire Fraud)

The Grand Jury charges:

1.     From at least in or about September 2009, up to and including at least in or about March 2016, in the Southern District of New York and elsewhere, JOHN EDWARD TAYLOR, a/k/a "Jay Taylor," a/k/a "Josie Reeser," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, TAYLOR transmitted false claims of wealth and influence by phone calls, electronic messages, and emails to obtain access

**JUDGE SWAIN**

to others' personal savings, credit accounts, and bank accounts, and, without authority, used that access for personal gain.

(Title 18, United States Code, Section 1343 and 2.)

## COUNT TWO

### (Bank Fraud)

The Grand Jury further charges:

2.     From at least on or about September 2009 up to and including at least in or about March 2016, in the Southern District of New York and elsewhere, JOHN EDWARD TAYLOR, a/k/a "Jay Taylor," a/k/a "Josie Reeser," the defendant, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, TAYLOR used the names of others to access and use bank accounts and associated credit accounts without authority to do so.

(Title 18, United States Code, Sections 1344 and 2.)

2

## COUNT THREE

### (Aggravated Identity Theft)

The Grand Jury further charges:

3.     From at least in or about September 2009, up to and including at least in or about March 2016, in the Southern District of New York and elsewhere, JOHN EDWARD TAYLOR, a/k/a "Jay Taylor," a/k/a "Josie Reeser," the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, TAYLOR used the names, dates of birth, and Individual Taxpayer Identification Numbers of other individuals in connection with the offenses charged in Counts One and Two of this Indictment.

(Title 18, United States Code, Sections 1028A and 2.).

## COUNT FOUR

### (Threatening Interstate Communications)

The Grand Jury further charges:

4.     In or about March 2013, in the Southern District of New York and elsewhere, JOHN EDWARD TAYLOR, a/k/a "Jay Taylor," a/k/a "Josie Reeser," the defendant, knowingly and with the intent to extort money and other things of value from a person, firm, association, and corporation, did transmit and cause to be transmitted in interstate and foreign commerce, communications

3

containing threats to injure the property and reputation of the addressee and of another, to wit, TAYLOR, by electronic message and phone calls, threatened to transmit explicit photographs of a victim ("Victim-1") to Victim-1's employer and clients in an effort to obtain money from Victim-1.

(Title 18, United States Code, Section 875(d).)

## COUNT FIVE

### (Threatening Interstate Communications)

The Grand Jury further charges:

5.    In or about June 2014, in the Southern District of New York and elsewhere, JOHN EDWARD TAYLOR, a/k/a "Jay Taylor," a/k/a "Josie Reeser," the defendant, knowingly and with the intent to extort money and other things of value from a person, firm, association, and corporation, did transmit and cause to be transmitted in interstate and foreign commerce, communications containing threats to injure the property and reputation of the addressee and of another, to wit, TAYLOR, by electronic message and phone calls, threatened to transmit explicit photographs of a second victim ("Victim-2") to Victim-2's employer in an effort to avoid being forced to disgorge fraudulently obtained monies.

(Title 18, United States Code, Section 875(d).)

4

## FIRST FORFEITURE ALLEGATION

6.    As a result of committing the offenses alleged in

Counts One and Two of this Indictment, JOHN EDWARD TAYLOR, a/k/a

"Jay Taylor," a/k/a "Josie Reeser," the defendant, shall forfeit

to the United States, pursuant to Title 18, United States Code,

Section 982(a)(2)(A), any and all property constituting or ·

derived from, proceeds obtained directly or indirectly, as a

result of the commission of said offenses, including but not

limited to a sum of money in United States currency representing

the amount of proceeds traceable to the commission of said

offenses.

## SECOND FORFEITURE ALLEGATION

7.    As a result of committing the offenses alleged in

Counts Four and Five this Indictment, JOHN EDWARD TAYLOR, a/k/a

"Jay Taylor," a/k/a "Josie Reeser," the defendant, shall forfeit

to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28 United States Code, Section

2461(c), any and all property, real and personal, that

constitutes or is derived from proceeds traceable to the

commission of said offenses, including but not limited to a sum

of money in United States currency representing the amount of

proceeds traceable to the commission of said offenses.

5

## Substitute Assets Provision

8.    If any of the above-described forfeitable property, as
a result of any act or omission of the defendant:

> a.    cannot be located upon the exercise of due
> diligence;
>
> b.    has been transferred or sold to, or deposited
> with, a third person;
>
> c.    has been placed beyond the jurisdiction of the
> Court;
>
> d.    has been substantially diminished in value; or
>
> e.    has been commingled with other property which
>
> cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p) and Title 28, United States
Code, Section 2461(c), to seek forfeiture of any other property
of the defendant up to the value of the above forfeitable
property.

> (Title 18, United States Code, Section 981;
> Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

FOREPERSON
1/3/17

PREET BHARARA
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**JOHN EDWARD TAYLOR,**
**a/k/a "Jay Taylor,"**
**a/k/a "Josie Reeser,"**

Defendant.

---

**INDICTMENT**

17 Cr.

(18 U.S.C. §§ 875(d), 1028A, 1343, 1344
and 2.)

PREET BHARARA
United States Attorney

Foreperson

---

1/3/17 Fld. Indictment, Case assigned to Judge Swain.

P Hman, USMJ