```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          17 Cr. 1 (LTS)

JOHN TAYLOR,

            Defendant.

------------------------------x
                                        New York, N.Y.
                                        January 12, 2017
                                        10:45 a.m.


Before:

                HON. LAURA TAYLOR SWAIN,

                                        District Judge


                     APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
JONATHAN REBOLD
ANDREW M. THOMAS
     Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
JULIA GATTO



ALSO PRESENT:  SUZANNE BECK, FBI
```

1          (Case called)
2          MR. REBOLD:  Good morning, your Honor, Jonathan Rebold
3  for the government.  I'm joined at counsel table by AUSA Andrew
4  Thomas and Special Agent Suzanne Beck of the FBI in the
5  District of New Jersey.
6          THE COURT:  Good morning, Mr. Rebold, Mr. Thomas, and
7  Special Agent Beck.
8          MS. GATTO:  Good morning, your Honor, Federal
9  Defenders of New York, by Julia Gatto for Mr. Taylor.
10         THE COURT:  Good morning, Ms. Gatto.  Good morning,
11 Mr. Taylor.
12         Mr. Taylor, are there relatives of yours in the
13 courtroom?
14         Greetings to all who are in the courtroom today.
15         I understand that Mr. Taylor has been arraigned in
16 magistrate's court, is that correct?
17         MR. REBOLD:  Yes, your Honor.  I think it was about
18 six days ago.
19         THE COURT:  Mr. Rebold, will you give me a status
20 report, please.
21         MR. REBOLD:  Your Honor, we are just collecting the
22 discovery from Special Agent Beck.  We are getting today about
23 122 gigabytes of data that she has collected so far.  There is
24 additional discovery we still need to collect from Special
25 Agent Beck.

1           So it's our expectation it will take about three weeks
2    to just sift through the discovery, make the appropriate sort
3    of redactions, split apart what's 3500 versus what's discovery,
4    and get it to defense counsel, assuming Ms. Gatto is willing to
5    sign a protective order as there is a significant amount of
6    personal identifying information that constitutes the
7    discovery.
8           THE COURT:  And so is this discovery the product of
9    search warrants?
10          MR. REBOLD:  It's a number of things, your Honor.
11   There are search warrants in this case.  There were a number of
12   cellular telephones, for example, that were left behind in cars
13   where Mr. Taylor was essentially living that were seized and
14   searched.  There is at least one written statement that
15   Mr. Taylor gave in a related case in Virginia state court.
16   There are search warrants of e-mail accounts maintained by
17   Mr. Taylor.  There are subpoenas for bank records belonging --
18   I don't want to say there were bank records in excess of 20
19   victims, but we have in excess of 20 victims in this case and
20   related financial records for many of them that bear on this
21   case.  So the discovery is somewhat voluminous, just given the
22   number of victims and the length of the scheme which spanned
23   almost seven years.
24          THE COURT:  Is it your expectation that you'll be
25   doing any sort of rolling production within the next three

1  weeks or that your production will begin in thee weeks?
2          MR. REBOLD:  We can certainly move things over as we
3  have them, if that's preferable for Ms. Gatto.  We can also
4  just turn it over in one package, whatever works best for the
5  Court and for Ms. Gatto.
6          THE COURT:  What is the status of your victim
7  identification and notification activities?
8          MR. REBOLD:  My understanding is that the
9  notifications have been made and that the FBI has been in touch
10 with our office to make sure that we are on the same page in
11 terms -- that we have an up-to-date list and contact
12 information for the victims.
13         THE COURT:  Thank you.
14         Ms. Gatto, what I'm hearing is a proposal to commence
15 discovery in three weeks, unless you want rolling, and so I
16 would like your perspective on that and also your sense,
17 insofar as you can formulate one right now, as to how long you
18 would need to review the discovery before we come back.
19         MS. GATTO:  First, I would prefer a rolling-based
20 discovery production.  I understand the complications and the
21 time requirements for the e-mail accounts and those kinds of
22 discovery, but search warrants and any court papers I would ask
23 be produced as quickly as possible so I can start evaluating
24 whether I have any pretrial motions.
25         THE COURT:  Any problem with that, Mr. Rebold?

1      MR. REBOLD:  No.  That's fine, your Honor.
2      MS. GATTO:  Having said that, I still would like to
3 review all discovery, if not the bulk of discovery, before I
4 determine whether I do have any pretrial motions.  And if
5 discovery, the bulk of it isn't going to begin for three weeks,
6 I think it makes sense to come back about 60 days from now with
7 a report.  Hopefully by then I am at least in a place to
8 evaluate whether I have motions and we can set a motion
9 schedule from there, if that was agreeable to the Court.
10     THE COURT:  Given the volume and nature of the
11 discovery that's been proposed, I think it does make sense to
12 give the defendant's counsel the period of time requested and
13 to put off the scheduling of the motion practice until we
14 reconvene.
15     Ms. Ng, may I have a date in the 60-day or so time
16 period.
17     THE DEPUTY CLERK:  Thursday, March 16, 2017, at 3:15.
18     THE COURT:  Are counsel available on March 16 at 3:15.
19     MR. REBOLD:  The government will be available.
20     MS. GATTO:  That's a good time of day for us as well.
21     THE COURT:  Very good.  We will schedule the next
22 conference for Thursday, March 16 at 3:15 in the afternoon.
23     Is there a request for exclusion from speedy trial
24 computations of the time from now until March 16?
25     MR. REBOLD:  There is, your Honor.  Primarily so that

1  we can provide discovery to defense counsel and so that Ms.
2  Gatto has an opportunity to review that discovery, determine
3  whether or not she would like to file any motions with the
4  Court, and to at least catch her up to speed so we can start
5  having intelligent conversations about a disposition in advance
6  of trial.
7          THE COURT:  Any objection?
8          MS. GATTO:  No objection.
9          THE COURT:  The request is granted.  I find for the
10 reasons summarized by Mr. Rebold that the ends of justice
11 served by the granting of an exclusion from speedy trial
12 computations for the period from today's date through March 16,
13 2017 outweigh the best interests of the public and the
14 defendant in a speedy trial.  Accordingly, the time period is
15 excluded prospectively.
16         Is there anything else that we should take up together
17 this morning?
18         MR. REBOLD:  Not from the government.
19         MS. GATTO:  No, your Honor.  Thank you.
20         THE COURT:  Thank you.  We are adjourned.  I will look
21 forward to seeing everyone in March.
22                              o0o
23
24
25