

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 2, 2022

**BY ECF**

Hon. Laura Taylor Swain
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

## MEMO ENDORSED

Re:   *United States v. John Edward Taylor*
      17 Cr. 001 (LTS)

Dear Judge Swain:

The Government writes in response to defendant John Edward Taylor's June 1, 2022 letter furnishing the Court with reports by Eric Goldsmith, M.D., under seal. The Government respectfully requests that the Court provide electronic copies of the defense filing to the Government and to Probation so that the Government and Probation may fully and fairly participate in these proceedings.

The defense has asserted that because the reports contain medical information it will not supply them to the U.S. Attorney's Office or to Probation until each office signs a protective order proposed by Taylor. While protective orders that govern the use of materials exchanged in discovery are routine, *see, e.g.*, Fed. R. Crim. P. 16(d)(1), the Court should not permit Taylor to restrict an adversarial party and an arm of the Court from access to filings the defense has made with the Court. After all, "[i]n the criminal context, fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights." *United States v. Schulte*, No. S2 17 CR. 548 (PAC), 2020 WL 133620, at *6 (S.D.N.Y. Jan. 13, 2020) (quoting *United States v. Abuhamra*, 389 F.3d 309, 322-23 (2d Cir. 2004)). This is especially true here, where the Government anticipates that the defense will make Taylor's mental health a central part of its sentencing advocacy and where Probation and the Government ought to be able to evaluate what role, if any, mental health treatment should play in Taylor's continued supervised release.

The Government, however, recognizes that Taylor has an interest in protecting his private medical information. To that end, the Government has no objection to the filing of these medical reports under seal and would agree to redact from public filings any medical information referenced in any Government submission. But the Government does object to the effort to subordinate Probation's and the Government's access to filed information to a defendant's proposed terms of use. The Court's (and Probation's and the Government's) consideration of medical information in connection with a sentencing proceeding is commonplace and the Court's ordinary safeguards—like receiving and maintaining private medical and personal identifying materials under seal—are sufficient to protect Taylor's privacy.

The Government and Probation should not be required to negotiate protective orders merely to access court filings in VOSR proceedings. The Government respectfully requests that the Court supply it and Probation with copies of the sealed filings made by the defendant. The fact that the defendant has filed them under seal adequately and fairly protects the defendant's privacy interests; no further restrictions are required.

The Court will not entertain arguments based on the sealed materials until and unless the Government and the Probation Department have had access to the materials or the Court has issued an order setting conditions for access. The parties are directed to meet and confer promptly. DE 58 is resolved.
SO ORDERED.
6/2/2022
/s/ Laura Taylor Swain, Chief USDJ

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _____
Jonathan Rebold/Andrew Thomas
Assistant United States Attorney
(212) 637-2512/-2106